FILED
United States Court of Appeals
Tenth Circuit

April 29, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

D.B.U., on behalf of themselves and others similarly situated, et al.,

    Petitioners - Appellees,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, et al.,

    Respondents - Appellants.

No. 25-1164
(D.C. No. 1:25-CV-01163-CNS)
(D. Colo.)

_____

**ORDER**
_____

Before **HARTZ**, **PHILLIPS**, and **CARSON**, Circuit Judges.
_____

    The government has filed an emergency motion for a stay pending appeal of the district court's temporary restraining order (TRO).

    To resolve the government's motion, we consider the traditional stay factors: "(1) whether [it] has made a strong showing that [it] is likely to succeed on the merits; (2) whether [it] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks omitted). "The first two factors of the traditional standard are the most critical." *Id.* The third and fourth factors merge when the government is

a party.  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion."  *Id.* at 433-34.

The second factor is dispositive in this case.  It is not enough to show "some possibility of irreparable injury."  *Id.* at 434 (internal quotation marks omitted).  The party seeking a stay must show that it "is likely to suffer irreparable harm in the absence of preliminary relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7, 20 (2008) (addressing the standard for preliminary injunctions).  The government has not made such a showing in this case.  All members of the class are in federal custody.  And given the important unresolved issues under the Alien Enemies Act (AEA) and the ruling of the United States Supreme Court that no one in that proceeding be removed under the AEA until further order of that Court, *see A.A.R.P. v. Trump*, 145 S. Ct. 1034 (2025), there is no realistic possibility that the government could remove any member of the class from this country before final expiration of the TRO on May 6, 2025.

Because of the failure to make the required irreparable-injury showing, we need not address the other stay factors.

Accordingly, the emergency motion for a stay is denied.

                                      Entered for the Court

                                      CHRISTOPHER M. WOLPERT, Clerk